# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# IN ADMIRALTY

Case No.:

GREAT LAKES INSURANCE SE,

    Plaintiff,

v.

ROBERT GALBRAITH,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, GREAT LAKES INSURANCE SE ("Great Lakes"), hereby sues the Defendant, ROBERT GALBRAITH for declaratory judgment, and in support thereof state as follows:

## JURISDICTION AND VENUE

1. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201.

2. Great Lakes designates this as an admiralty and maritime cause within the meaning of Fed. R. Civ. P. 9(h). This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1333, as it involves a dispute regarding a maritime contract. Great Lakes invokes the provisions of Rule 9(h), 38(e), and 82 of the Federal Rules of Civil Procedure.

3. Venue is proper within the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district, and because a forum-selection clause in the insurance policy at issue in this case designates the Middle District of Florida as the appropriate venue.

4. All conditions precedent to the filing of this action have occurred, been waived, or otherwise complied with.

5. Pursuant to the requirements of 28 U.S.C. § 2201 and Article III, Section 2 of the United States Constitution, a case or controversy exists and has existed between the Parties since the beginning of this action, such that an action for declaratory judgment is ripe and appropriate.

## PARTIES

6. At all times material to this action, Great Lakes is and was a corporation organized and existing under the laws of Germany and is and was a wholly owned subsidiary of Munich Re Group, with an office and principal place of business in Munich, Germany. Plaintiff Great Lakes is and was a citizen of Germany and is registered and authorized to conduct business in London, England.

7. Upon information and belief, at all times material to this action, Galbraith is and was an individual domiciled in Michigan. Galbraith is and was a citizen of Michigan.

8. This Court may exercise personal jurisdiction over Mr. Galbraith because the Policy under which he is seeking a defense requires that any disputes arising thereunder be "subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which you the Assured resides or the Federal District court within which your insurance agent resides." Both locations are situated within the Middle District of Florida.

## FACTUAL ALLEGATIONS

9. This matter involves personal injuries allegedly sustained by Mr. Galbraith's wife, Betty Galbraith, on or about July 6, 2020.

10. On or about July 5, 2020, Laura Moran from Rainbow Boat Rentals delivered the Vessel to the vacation home at which the Galbraiths were staying.

11. In response to an inquiry regarding his boater experience, Mr. Galbraith stated that "it was a while ago," but that he knew how to manage a boat.

12. On July 6, Ms. Moran returned to the Galbraiths to provide them with instructions on how to safely operate the vessel.

13. She showed them the boat, and they jointly inspected the Vessel for preexisting damages. She explained how to anchor the boat in great detail.

14. When she was finished with the boat instruction, she asked the Galbraiths if they wanted to take the boat out together for a ride. While Mrs. Galbraith seemed receptive, Mr. Galbraith responded that doing so was unnecessary, because he knew how to manage the boat, and "I don't need to, I know what I am doing."

15. Following this exchange, Ms. Moran filled out the information on the rental contract, Mrs. Galbraith signed it, and paid for the rental. Ms. Moran then left. A copy of the rental contract is attached hereto as **Exhibit "A"**.

16. On July 9, Ms. Moran received a call from the customer that they would no longer be using the boat, and that they had "a little accident."

17. When Ms. Moran went to retrieve the Vessel, she found Mrs. Galbraith with her hand in a medical bandage.

18. Ms. Moran further learned that while Mr. Galbraith was at the helm, Mrs. Galbraith's was attempting to bring in the anchor. In doing so, her hand got wrapped in the line, and a wave caused the line to amputate her fingers.

19. Mrs. Galbraith has asserted claims against Rainbow Boat Rentals and Mr. Galbraith resulting from the incident.

20. Great Lakes issued a policy to Mathorsi Business Corp. d/b/a Rainbow Boat Rentals Cape Coral, policy no. CSRYP/181097, with effective dates of March 5, 2020 to March 5, 2021 (the "Policy"). A copy of the Policy is attached hereto as **Exhibit "B"**.

21. The Policy provides, *inter alia*, third-party liability coverage in the amount of $1 million combined single limit, subject to a $2,500 deductible per claim. The Policy provides, in relevant part, as follows:

> **1. Definitions**
>
> a. 'You and your' refer to the insured named on the declaration page and any person who possesses any legal or beneficial interest in any corporation, trust or entity either declared as the owner of the Scheduled Vessel or as an additional assured.
>
> c. 'Covered person,' means you, and/or any person detailed on your application form which has been submitted by you and approved by us, provided that person has been declared to us in writing as an operator of the Scheduled Vessel.
>
> **4. Coverage B. Third Party Liability**
>
> If a sum insured is shown under Section B of the insuring agreement declaration page, we provide coverage for any sum or sums which you or any other covered person become legally liable to pay and shall pay as a result of ownership or operation of Scheduled Vessel.
>
> \*     \*     \*
>
> **Exclusions to Coverage B**
>
> Unless specifically agreed by us in writing and an additional premium paid, Liability cover is not provided for:
>
> a. Covered persons with regard to their liability to you, other covered persons, your spouse, other members of your family or persons who reside in your household.
>
> b. Your liability to other covered persons, your spouse, other members of your family or persons who reside in your household.
>
> \*     \*     \*     \*     \*

## COUNT I – DECLARATORY JUDGMENT

22. Great Lakes adopts and realleges the allegations contained in paragraphs 1-21 as if more fully set forth herein.

23. Neither Mr. Galbraith nor Mrs. Galbraith were a "covered person" within the meaning of the Policy.

24. Moreover, even if the Galbraiths were "covered persons" within the meaning of the Policy, the Policy expressly excludes liability coverage for "Covered persons with regard to their liability to you, other covered persons, your spouse, other members of your family or persons who reside in your household."

25. The Policy further excludes liability coverage for "Your liability to other covered persons, your spouse, other members of your family or persons who reside in your household."

26. In other words, irrespective of whether the Galbraiths were "covered persons" or not, Great Lakes does not owe Mr. Galbraith a duty to defend or indemnify with respect to any allegations of negligence made against him by Mrs. Galbraith arising out of the subject loss.

WHEREFORE, Great Lakes respectfully requests this Court to adjudge and declare the following:

a. The Galbraiths are not "covered persons" within the meaning of the Policy, such that Great Lakes has no duty to defend or indemnify Mr. Galbraith in association with the subject loss;

b. Alternatively, to the extent that the Galbraiths *are* "covered persons" within the meaning of the Policy, Mrs. Galbraiths claim against her husband is a claim by a "Covered persons with regard to their liability to…other covered persons, your spouse, other members of your family or persons who reside in your household," which is an

excluded cause of loss, such that Great Lakes has no duty to defend or indemnify Mr. Galbraith in association with the subject loss;

c. Alternatively, to the extent that the Galbraiths *are* "covered persons" within the meaning of the Policy, Mr. Galbraith's potential liability to his wife constitutes "Your liability to other covered persons, your spouse, other members of your family or persons who reside in your household," which is an excluded cause of loss, such that Great Lakes has no duty to defend or indemnify Mr. Galbraith in association with the subject loss; and

d. Grant any and other further such relief that this Court deems just and appropriate under the circumstances.

Dated: January 8, 2021.

          Respectfully submitted,

          **DAVANT LAW, P.A.**
          *Attorneys for Great Lakes*
          12 Southeast 7th Street, Suite 605
          Fort Lauderdale, FL 33301
          Telephone: (954) 414-0400

By:  */s/ Charles S. Davant*
      Charles S. Davant
      Florida Bar No. 15178
      csd@davantlaw.com
      Aaron M. Dmiszewicki
      Florida Bar No. 111455
      amd@davantlaw.com